UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL BROADNAX,

        Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security Operations,

        Defendant.

CASE NO. 3:18-cv-05037-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Michael Broadnax filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the ALJ properly analyzed Plaintiff's subjective symptom testimony. As the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence, the undersigned affirms the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

On November 10, 2016, Plaintiff filed an application for SSI alleging disability as of June 15, 2016. *See* Dkt. 7, Administrative Record ("AR") 160-68. The application was denied upon initial administrative review and on reconsideration. *See* AR 67-78, 79, 92-95. A hearing was held before ALJ M.J. Adams on September 27, 2017. *See* AR 30-66. In a decision dated October 6, 2017, the ALJ determined Plaintiff to be not disabled. *See* AR 12-29. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by improperly evaluating Plaintiff's subjective symptom testimony. Dkt. 14 at 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I. Whether the ALJ erred in evaluating Plaintiff's subjective symptom testimony.**

Plaintiff testified he suffers from epileptic seizures, and the ALJ discredited his allegations of disabling symptoms. AR 21-22. Plaintiff contends the ALJ erred by failing to properly analyze Plaintiff's compliance with his medication regime and failing to properly consider the impact of the side effects of Plaintiff's medications on his ability to perform work functions. Dkt. 14 at 1.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where the determination is based on contradictory or ambiguous evidence. *Id.* at 579.

At the hearing, Plaintiff testified he experiences seizures and has problems working due to difficulties with bending down, burning sensations in his legs, using his hands, holding things, walking, breathing, and sitting. AR 41-42, 44-46. Plaintiff testified he cannot carry more than ten pounds, walk for more than 15 to 20 minutes, stand for more than 15 minutes, or sit for more than 30 minutes. AR 45-46. Plaintiff testified he would be unable to work once or twice per week. AR 45-46, 52, Plaintiff testified he has approximately 18 seizures per month, and he would be unable to work for three days following a seizure. AR 47-49. Plaintiff testified his anti-seizure medication, Phenobarbital, makes him aggressive and drowsy. AR 51.

The ALJ found Plaintiff's allegations were not fully supported because they are inconsistent with the medical evidence and other evidence in the record. AR 21. Specifically, the ALJ found: (1) the "minimal and mild physical examination findings found throughout the record are inconsistent with the claimant's allegations of extremely limiting physical conditions[;]" (2)

Plaintiff's "minimal engagement with treatment is inconsistent with the allegations of extremely limiting conditions and symptoms[;]" and (3) despite Plaintiff's "allegations he experiences side effects from his medications, including drowsiness, there is evidence in the record the claimant reported no fatigue during recent medical encounters." AR 21-22. Plaintiff only contends the ALJ's second and third reasons were improper, arguing the ALJ failed to consider whether Plaintiff had valid reasons for his occasional lack of compliance with his prescribed medical regimen, and the ALJ failed to properly consider the impact of the side effects of Plaintiff's medications on his ability to perform work functions. Dkt. 14 at 2-11.

### A. Course of Treatment

The ALJ found Plaintiff's seizures are controlled with medication, and Plaintiff's seizures occurred in the context of not taking his medication, which he was not always compliant with. AR 22 (citing AR 276, 351, 469, 858, 860). The ALJ concluded Plaintiff's "minimal engagement with treatment is inconsistent with the allegations of extremely limiting conditions and symptoms." AR 22.

"Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits." *Warre v. Comm'r of the SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see also Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (noting an ALJ may consider whether treatment produced a fair response or control of pain which was satisfactory). Moreover, an " 'unexplained, or inadequately explained, failure ... to follow a prescribed course of treatment' " is a proper reason to reject a claimant's testimony. *Molina v. Astrue,* 674 F.3d 1104, 1113 (9th Cir. 2012) (quoting *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008)).

A review of the record shows Plaintiff's seizures are fairly well-controlled by medication, and Plaintiff's seizures occurred when he was not taking his medication. *See* AR 276 (In July 2016, Plaintiff reported he had not had a seizure for two-and-a-half years.), 351 (seizure due to not taking Phenobarbital medication), 469 (seizure after not taking Phenobarbital), 858 (seizure after not taking Topirmate for a month). Accordingly, this is a clear and convincing reason to discount Plaintiff's testimony. *See Warre*, 439 F.3d at 1006; *Odle* , 707 F.2d at 440.

The ALJ also reasoned Plaintiff was not consistently complaint with his anti-seizure medication regimen. AR 22 (citing AR 276, 351, 469, 858). Plaintiff argues he had difficulty filling his prescriptions for several reasons: he was in jail, his medications were stolen, and his medications were misplaced. Dkt 14 at 6 (citing AR 37, 49, 290, 293, 323-24, 420, 469, 664). The evidence reflects Plaintiff did not take his medication on several occasions, but gives little insight as to why. For example, in May 2016, Plaintiff reported he was out of his anti-seizure medication and was previously incarcerated, but does not associate his lack of medication with his incarceration. AR 420. In June 2016, Plaintiff requested a medication refill, but the treatment notes reflect Plaintiff's prescription for Phenobarbital was written and never picked up. AR 323-34. A treatment note from July 2016 reflects Plaintiff reported he was unable to fill his prescription for Phenobarbital, but does not state why. AR 290, 293. In January 2017, Plaintiff reported he misplaced his Phenobarbital. AR 469. In February 2017, Plaintiff was concerned his Phenobarbital refill was only filled for 30 pills instead of 90 pills, and thought, but was not sure, his pills were stolen when he had a seizure. AR 664. On August 7, 2017, Plaintiff reported he ran out of Topiramate, another anti-seizure medication, a month prior, and was provided a prescription for a two week supply on "charity care." AR 858-60. Although the ALJ noted there is no indication Plaintiff returned to his providers to obtain refills after this August 2017

treatment note, there is simply a lack of evidence in the record showing Plaintiff obtained refills, but this does not necessary establish Plaintiff failed to do so. *See* AR 22 (citing AR 858), 860. Nevertheless, there is no further evidence in the record describing Plaintiff's financial situation or access to health insurance which would demonstrate Plaintiff was unable to afford his medications or lacked access to care. *See id.*

Plaintiff also argues he was homeless during the entire period at issue, but other than generally arguing "[h]omelessness makes everything more difficult, including obtaining and keeping safe medications[,]" Dkt. 14 at 6, he fails to cite to any evidence showing *how* his homelessness actually contributed to his inability to obtain and keep medications. Dkt. 14 at 6. Plaintiff further contends one of his treatment providers wrote a letter stating Plaintiff has been compliant with all recommendations for care. Dkt. 14 at 8. However, this letter only refers to a period between June 2017 and September 2017, and does not address entire period at issue in this case. AR 901.

Lastly, Plaintiff argues his Phenobarbital and Gabapentin medications made him drowsy, aggressive, itchy and dizzy, which caused him to be non-complaint with his medication regime. Dkt. 14 at 4 (citing AR 36-37, 49, 50-51, 217, 219, 221, 223, 276, 278, 336, 426, 534, 568-69, 736. 784, 791). As discussed below, Plaintiff also argues these side effects impacted his ability to perform work-related functions. Dkt. 14 at 8-11. As an initial matter, to the extent Plaintiff argues his medications made him itchy and dizzy, he did not testify these side effects affected his ability to perform any work-related functions. AR 41-52. Thus, whether Plaintiff experienced itchiness or dizziness is not relevant to his testimony he is unable to work because of drowsiness/fatigue and aggressive behavior. *See id.*

As for Plaintiff's argument he is unable to take his medications because they make him drowsy, the record does not support this contention. Rather, as found by the ALJ, the record reflects Plaintiff's fatigue was associated with a change in medication, and not an ongoing issue. For instance, in June 2016, a provider noted Phenobarbital worked well in the past, and Plaintiff tolerated the side effects. AR 351. In May and July 2017, Plaintiff reported excessive fatigue associated with the transition from Phenobarbital to Topiramate. AR 568-69, 737. In other medical appointments, Plaintiff did not report any fatigue. AR 276 (complained of dizziness with Phenobarbital, but no drowsiness), 426 (same). On one occasion in October 2016, Plaintiff reported he wanted to change medication because Phenobarbital makes him drowsy, but Plaintiff's provider noted Plaintiff did not have any significant medication side effects. AR 534. Plaintiff's provider also noted Plaintiff had recently attempted to increase his Gabapentin dosage, but he "felt a bit like a zombie" and went back down to a lower dosage. AR 534. Thus, it is not entirely clear from the treatment notes whether Plaintiff's drowsiness was associated with Phenobarbital if it could also be attributed to his recent increase in Gabapentin medication. In any event, this evidence is not enough to overcome the substantial contrary evidence.

The record also fails to show Plaintiff suffered from aggressiveness as result of his medication. Plaintiff cites to two medical reports where his anti-seizure medication purportedly caused "increased violence". Dkt. 14 at 4 (citing AR 359, 765). However, the treatment note cited by Plaintiff from June 2016 makes no mention of violence or aggressive behavior. *See* AR 359. The other treatment note indicates Plaintiff's provider was "hesitant to extend [C]hantix [smoking cessation medication] due to concern for psychiatric side effects, given the patient's history of violent behavior." AR 765. However, this evidence does not associate Plaintiff's

history of violent behavior with this anti-seizure medication, or otherwise indicate his aggressive behavior was due to any anti-seizure medication. *See id.*

Based on the overall record, the treatment notes are susceptible to a rational interpretation Plaintiff's seizures are well-controlled with medication, and that Plaintiff's seizures occurred when he was not taking his medication. Thus, Plaintiff has not shown his reasons for failing to comply with treatment are sufficient for the Court to conclude the ALJ erred in discounting Plaintiff's subjective symptom testimony. Therefore, the Court concludes the ALJ did not err in discrediting Plaintiff's testimony on this ground. *Thomas,* 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's decision must be upheld.").

B. Medication Side Effects

Next, Plaintiff contends the ALJ failed to properly consider the side effects of Plaintiff's medication on his ability to perform work functions. Dkt. 14 at 8-11. As noted above, the ALJ found Plaintiff did not report any fatigue during recent treatment notes, and when Plaintiff did complain of fatigue, it was in related to a change in medication. AR 22 (citing AR 737, 858).

The ALJ must consider all factors which might have a significant impact on an individual's ability to work. *Erickson v. Shalala,* 9 F.3d 813, 817 (9th Cir. 1993). Such factors include the "type, dosage, effectiveness, and side effects of any medication" taken to alleviate pain or other symptoms. *Berry v. Astrue,* 622 F.3d 1228, 1235 (9th Cir. 2010) (citing to 20 C.F.R. § 404.1529(c)(3) (iv)). When an ALJ discounts the claimant's testimony as to subjective limitations of side effects, he or she must support the decision with specific findings similar to those required for excess pain testimony, as long as the side effects are in fact associated with the claimant's medications. *See Varney v. Secretary,* 846 F.2d 581, 584 (9th Cir. 1988). However,

medication side effects must be medically documented to be considered. *See Miller v. Heckler,* 770 F.2d 845, 849 (9th Cir. 1985).

Here, Plaintiff has not shown the ALJ failed to consider any medication side effects which significantly impacted his ability to work.[1] The ALJ specifically discussed Plaintiff's use of anti-seizure medications and concluded any side effects were not corroborated by the medical record. AR 22. As discussed above, the record supports the ALJ's finding Plaintiff experienced fatigue as a result of changing his medication, but this was not an ongoing issue. *See* AR 276, 351, 426, 568-59, 737. A temporary manifestation of fatigue associated with transitioning from one medication to another is not a limitation the ALJ was required to consider. *Erickson,* 9 F.3d at 817 (ALJ must consider all factors which might have a *significant* impact on an individual's ability to work.). In addition, there is no support in the record Plaintiff's aggressive behavior was associated with Plaintiff's anti-seizure medications. *See* AR 359, 765; *Varney,* 846 F.2d at 584; *Miller,* 770 F.2d at 849.

Accordingly, Plaintiff has not shown the ALJ erred. Instead, Plaintiff argues the ALJ gave weight to the treatment notes despite statements made by Plaintiff contradicting the validity of the treatment notes. This is not sufficient to overcome the ALJ's finding. Therefore, the Court concludes the ALJ did not err in her consideration of Plaintiff's medication side effects.

C. <u>ALJ's Remaining Reason and Conclusion</u>

The ALJ provided a third reason for discrediting Plaintiff's subjective symptom testimony, finding the objective evidence was inconsistent with Plaintiff's testimony. AR 21. Plaintiff does not challenge this remaining reason. *See* Dkt. 14. As Plaintiff does not challenge

---

[1] As noted above, to the extent Plaintiff argues the evidence shows his medications made him itchy and dizzy, Dkt. 14 at 5, Plaintiff did not testify these side effects affected his ability to perform any work-related functions, AR 41-52.

the ALJ's additional reason for discrediting his testimony, he has waived the argument. *See Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1226, n. 7 (finding an argument not raised in the plaintiff's opening brief was deemed waived).

Nevertheless, even if the ALJ erred in finding the objective evidence was inconsistent with Plaintiff's testimony, one improper reason for discounting Plaintiff's testimony does not render the ALJ's decision invalid. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (finding that striking down one or more justifications for discrediting a claimant's testimony amounted to a harmless error where the ALJ presented other reasons for discrediting the testimony that were supported by substantial evidence in the record). As discussed above, the ALJ provided two clear and convincing reasons supported by substantial evidence to discount Plaintiff's subjective symptom testimony—where only one was required. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008); *Batson*, 359 F.3d at 1197. Accordingly, the ALJ's analysis of Plaintiff's subjective symptom testimony is proper.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. This matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 23rd day of July, 2018.

David W. Christel
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS - 10